IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| OMAR PEREZ BIBIANO, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | 1:25-cv-1590 (LMB/WEF) |
| ) | |
| TODD M. LYONS, RUSSELL HOLT, KRISTI ) | |
| NOEM, PAMELA BONDI, AND PAUL ) | |
| PERRY, ) | |
| ) | |
| Respondents. ) | |

ORDER

Petitioner Omar Perez Bibiano ("Bibiano"), an alleged citizen of Mexico, has filed a two-count Petition for Writ of Habeas Corpus ("Petition") in which he asserts that he has been illegally detained by the U.S. Department of Homeland Security's ("DHS") Immigration and Customs Enforcement ("ICE") since September 9, 2025. Specifically, he alleges that his characterization by DHS as an "applicant for admission" pursuant to 8 U.S.C. § 1225(a), thus subjecting him to mandatory detention under 8 U.S.C. § 1225(b)(2), violates the Immigration and Nationality Act ("INA") (Count I); the bond regulations at 8 C.F.R. §§ 236.1, 1236.1, and 1003.19 (Count II); and his due process rights (Count III).

Bibiano is currently detained at the Caroline Detention Center, which is within this Court's jurisdiction and the basis upon which he is suing Paul Perry, the Superintendent of the Caroline Detention Center. Bibiano has also sued Todd M. Lyons, the Acting Director of ICE; Russell Holt, ICE Washington Field Office's Enforcement and Removal Operations Director; Kristi Noem, the DHS Secretary; and Pamela Bondi, the Attorney General (collectively "the federal respondents"). For the reasons discussed in this Order, the Court finds that Bibiano is

detained pursuant to 8 U.S.C. § 1226(a). Accordingly, Bibiano's Petition will be granted as to Count III, and the respondents will be ordered to provide him with a bond hearing before an Immigration Judge ("IJ") pursuant to 8 U.S.C. § 1226(a).[1]

I.

Bibiano has resided in the United States since either 2004 or 2005. [Dkt. No. 1] at ¶ 45. He lives in Laurel, Maryland, and he has two U.S. citizen children and a U.S. citizen fiancé "whom he intends to marry soon." Id. ¶ 48. There is no evidence in the record of Bibiano having any arrests or convictions for any criminal offenses, including traffic offenses.

On September 9, 2025, Bibiano was detained by ICE officers in Washington, D.C. and was placed into immigration custody. [Dkt. No. 7-1] at ¶ 6. On September 23, 2025, Bibiano was issued a Notice to Appear ("NTA"),[2] which charged him with being inadmissible to the United States—and therefore subject to removal—pursuant to 8 U.S.C. § 1182(a)(6)(A)(i) and (a)(7)(A)(i)(I). Id. at ¶ 7. Bibiano is currently "pursuing the immigration relief of EOIR-42B cancellation of removal based on showing that his U.S. citizen children, the qualifying relatives, would suffer exceptional and extremely unusual hardship upon his removal from the United States." [Dkt. No. 1] at ¶ 49. Since he was detained, ICE has not set bond, and Bibiano has not been scheduled for a bond hearing before an IJ. Id. ¶ 50.

---

[1] Because the Court is granting relief on due process grounds, it need not address Bibiano's arguments based on the INA or the bond regulations. Additionally, although the federal respondents do not address Bibiano's claim for attorney's fees and costs under the Equal Access to Justice Act ("EAJA"), the Court finds that Bibiano has no cognizable claim for attorney's fees because a habeas proceeding is not a "civil action" under the EAJA. Obando-Segura v. Garland, 999 F.3d 190, 195 (4th Cir. 2021); accord Luna Quispe v. Crawford, 1:25-cv-1471-AJT-LRV, Dkt. No. 17 at 6.

[2] A Notice to Appear is a "[c]harging document" that "initiates a proceeding before an Immigration Judge." 8 C.F.R. § 1003.13.

Bibiano filed his Petition for Writ of Habeas Corpus on September 23, 2025. [Dkt. No. 1]. This Court subsequently entered an Order requiring that Bibiano not "be removed or transferred from this district for any reason without this Court's permission." [Dkt. No. 3]. On September 26, 2025, Bibiano filed a Proposed Release Plan, which explains that, if released, he will reside with his fiancé at the residence she owns in Maryland, and she "has confirmed in writing that the Petitioner has permission to reside at this address for the foreseeable future." [Dkt. No. 4] at 1. Bibiano's Proposed Release Plan also indicates that his fiancé is available to pick him up at the Caroline Detention Center if he is released. Id. at 2; [Dkt. No. 4-1] at 14. The federal respondents filed an opposition. [Dkt. No. 7]. Finding that oral argument will not aid in the decisional process, the Petition will be resolved on the papers submitted.

II.

The central question posed in Bibiano's Petition is whether he is subject to mandatory detention under § 1225(b)(2) or instead subject to discretionary detention and entitled to a bond hearing under § 1226(a).[3] The federal respondents contend that Bibiano's detention is governed by § 1225(b)(2). They maintain that whether an individual is detained under § 1225(b) or § 1226(a) lies in the "distinction between aliens who are detained after a lawful admission into the U.S. and those who are present without a lawful admission." [Dkt. No. 7] at 9. According to the federal respondents, anyone in the United States who has not been admitted is subject to mandatory detention under § 1225(b), and § 1226(a)'s discretionary detention provisions apply

---

[3] The federal respondents argue that 8 U.S.C. §§ 1252(b)(9) and 1252(g) divest this court of jurisdiction to review the legality of Bibiano's detention. [Dkt. No. 13] at 6–8. These jurisdictional arguments are the exact arguments this Court rejected in Hasan v. Crawford, 2025 WL 2682255, at *3–4 (E.D. Va. Sept. 19, 2025). For all of the reasons stated in Hasan, this Court finds that it possesses jurisdiction to entertain Bibiano's Petition to the extent he challenges the constitutionality of his detention.

3

only to those who have been given legal status and subsequently placed into removal proceedings.[4] Id. at 9–10. Therefore, they argue that because Bibiano has not been admitted "as a legal matter" into the United States, he is inadmissible under 8 U.S.C. § 1182(a), considered to be an applicant for admission under § 1225(a), and subject to mandatory detention under § 1225(b)(2). Id.

This argument reflects DHS's novel interpretation of decades-old immigration detention statutes which, as several district courts throughout the country have found,[5] is contrary to DHS's implementing regulations and published guidance, the decisions of its immigration judges (until very recently), longstanding practice in U.S. immigration law, the Supreme Court's interpretation of the statutory scheme, and traditional tools of statutory construction. See

---

[4] The federal respondents cite Olaya Rodriguez v. Bondi, 2025 WL 2490670, at *3 n.10 (E.D. Va. June 24, 2025), Romero v. Bondi, 2025 WL 2490659, at *3 (E.D. Va. July 2, 2025), and Abreu v. Crawford, 2025 WL 51475 (E.D. Va. Jan. 8, 2025), for the proposition that a person must have "legal status" to be detained under § 1226(a). [Dkt. No. 7] at 11. As this Court explained in Hasan, these cases relied on a misinterpretation of this Court's Memorandum Opinion in Rodriguez v. Perry, 747 F. Supp. 3d 911 (E.D. Va. 2024). Hasan clarified that Rodriguez did not impose a lawful-status requirement on § 1226(a). 2025 WL 2682255, at *6–7. Accordingly, Olaya Rodriguez, Romero, and Abreu do not support the federal respondents' position that a petitioner must have legal status for § 1226(a) to govern his detention.

[5] See, e.g., Gomes v. Hyde, 2025 WL 1869299 (D. Mass. July 7, 2025); Martinez v. Hyde, 2025 WL 2084238 (D. Mass. July 24, 2025); Lopez Benitez v. Francis, 2025 WL 2371588 (S.D.N.Y. Aug. 13, 2025); Maldonado v. Olson, 2025 WL 2374411 (D. Minn. Aug. 15, 2025); Arrazola-Gonzalez v. Noem, 2025 WL 2379285 (C.D. Cal. Aug. 15, 2025); J.O.E. v. Bondi, 2025 WL 2466670 (D. Minn. Aug. 27, 2025); Jacinto v. Trump, 2025 WL 2402271 (D. Neb. Aug. 19, 2025); Samb v. Joyce, 2025 WL 2398831 (S.D.N.Y. Aug. 19, 2025); Dos Santos v. Noem, 2025 WL 2370988 (D. Mass. Aug. 14, 2025); Garcia Jimenez v. Kramer, 2025 WL 2374223 (D. Neb. Aug. 14, 2025); Anicasio v. Kramer, 2025 WL 2374224 (D. Neb. Aug. 14, 2025); Rosado v. Figueroa, 2025 WL 2337099 (D. Ariz. Aug. 11, 2025); Orellana Juarez v. Moniz, 2025 WL 1698600 (D. Mass. June 11, 2025); Hernandez Nieves v. Kaiser, 2025 WL 2533110 (N.D. Cal. Sept. 3, 2025); Vasquez Garcia v. Noem, 2025 WL 2549431 (S.D. Cal. Sept. 3, 2025); Carmona-Lorenzo v. Trump, 2025 WL 2531521 (D. Neb. Sept. 3, 2025); Lopez-Campos v. Raycroft, 2025 WL 2496379 (E.D. Mich. Aug. 29, 2025); Kostak v. Trump, 2025 WL 2472136 (W.D. La. Aug. 27, 2025).

Romero v. Hyde, 2025 WL 2403827, at *9 (D. Mass. Aug. 19, 2025). This new approach will also subject "millions more undocumented immigrants to mandatory detention, while simultaneously narrowing § 1226(a) such that it would have an extremely limited (if any) application." Lopez Benitez v. Francis, 2025 WL 2371588, at *8 (S.D.N.Y. Aug. 13, 2025). This Court has previously addressed several of these points in Hasan v. Crawford, 2025 WL 2682255 (E.D. Va. Sept. 19, 2025), and maintains and incorporates that reasoning into this Order.

Because Bibiano has been present in the United States since 2005, and because § 1226(a) sets forth "the default rule" for detaining and removing aliens "already present in the United States," Jennings v. Rodriguez, 583 U.S. 281, 303 (2018), Bibiano's detention is governed by § 1226(a). And under § 1226(a) and its implementing regulations, he is entitled to a bond hearing before an IJ at which the government must prove by clear and convincing evidence that he poses a danger to the community, or prove by a preponderance of the evidence that he is a flight risk, if the government seeks to continue detaining Bibiano. 8 U.S.C. § 1226(a); 8 C.F.R. § 1236.1(d)(1). Unless and until the government meets that burden, Bibiano's continued detention is unlawful.

### III.

For all the reasons stated above, Bibiano's Petition [Dkt. No. 1] is GRANTED, and it is hereby

ORDERED that Bibiano be released from custody, with all his personal property, pending his bond hearing before the IJ. Bibiano must live at the fixed address identified in his Proposed Release Plan and appear at the bond hearing once the government notifies him of its date, time, and location; and it is further

ORDERED that respondents provide Bibiano with a standard bond hearing before an IJ pursuant to 8 U.S.C. § 1226(a) within 14 days of the date of this Order; and it is further

ORDERED that respondents are ENJOINED from denying bond to Bibiano on the basis that he is detained pursuant to 8 U.S.C. § 1225(b)(2); and it is further

ORDERED that respondents file a status report with this Court within 3 days of the bond hearing, stating whether Bibiano has been granted bond, and, if his request for bond was denied, the reasons for that denial.

The Clerk is directed to enter judgment in Bibiano's favor pursuant to Federal Rule of Civil Procedure 58, forward copies of this Order to counsel of record, cancel the hearing scheduled for October 3, 2025, and close this civil action.

Entered this 1st day of October, 2025.

Alexandria, Virginia

/s/ *signature*
Leonie M. Brinkema
United States District Judge

6